CITY OF CLEVELAND, Appellee,

v.

WANZO, Appellant.

[Cite as *Cleveland v. Wanzo* (1998), 129 Ohio App.3d 664.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73264.

Decided Sept. 8, 1998.

George A. Pace Jr., Chief Prosecuting Attorney, and *Maura O. Jaite*, Assistant City Prosecutor, for appellee.

*Richard Agopian*, for appellant.

KARPINSKI, Judge.

Defendant-appellant, Alvin Wanzo, appeals his conviction for domestic violence rendered upon his plea of no contest with a consent to a finding of guilt in the Cleveland Municipal Court. On appeal, defendant argues that (1) the trial court had no authority to accept a no contest plea on behalf of the defendant without first advising him of his constitutional and statutory rights as set forth in Ohio Crim.R. 11(E), and (2) the trial court should have allowed him to withdraw his plea pursuant to his oral motion to vacate. For the reasons that follow, we find merit in the first argument and reverse the judgment of the trial court.

The facts of this case as presented by the trial court are as follows. Two police officers of the Regional Transit Authority observed the defendant, Alvin Wanzo,

wrestling on his front lawn with a woman, Tammie Black. According to the presentence report, Officer Weiss stated that the defendant had Black in a headlock and was swinging his arm as if to strike her, but Weiss did not actually witness the defendant hit the victim. When he got out of his patrol car, Weiss observed the defendant pinning Black to the ground with his body and ordered the defendant to stop. The officer subsequently learned that the defendant had been in a relationship with Black for six years, was the father of her three children, and previously resided with her.

Pursuant to R.C. 2919.25, the defendant was charged with domestic violence, a first-degree misdemeanor carrying a maximum fine of $1,000 and up to six months in jail. He originally pleaded not guilty, but subsequently changed his plea to no contest and consented to a finding of guilt.

The trial judge ordered the following: (1) a fine of $1,000 with $700 suspended, (2) one hundred eighty days in jail with one hundred sixty days suspended and credit for three days served, and (3) two years' active probation, including two years of mandatory domestic violence counseling, as well as anger management and parenting skills classes. The defendant then stated that he would file a formal motion to suspend imposition of the sentence and a motion to withdraw his plea.

The trial judge denied both motions, but agreed to recall the case at the end of the day's docket for further discussion of the motion to withdraw. On recall, the motion to withdraw was again denied after further exchange between defense counsel, the prosecutor, and the court. The defendant filed a timely notice of appeal, raising two assignments of error.

"I. The trial court erred in failing to advise the appellant of his rights under the United States Constitution and Ohio Crim.R. 11(E)."

Under this assignment, the defendant argues that in failing to advise him of all of his constitutional rights, the trial judge violated the Fifth and Sixth Amendments to the U.S. Constitution and Ohio Crim.R. 11(E). This assignment of error has merit.

In *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, the United States Supreme Court described three federal constitutional rights a defendant must be advised of for a waiver of those rights to be valid. These rights include the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers. *Id.* at 243, 89 S.Ct. at 1712, 23 L.Ed.2d at 279–280. The court emphasized that "[w]hat is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has

a full understanding of what the plea connotes and of its consequence." *Id.* at 243–244, 89 S.Ct. at 1712, 23 L.Ed.2d at 280.

The Ohio Supreme Court followed *Boykin* and added that the defendant must also be informed of his right to compulsory process of witnesses to testify on his behalf. *State v. Ballard* (1981), 66 Ohio St.2d 473, 473–477, 20 O.O.3d 397, 397–400, 423 N.E.2d 115, 115–118. The court reasoned that the Sixth Amendment to the United States Constitution guarantees compulsory process as a trial right exactly like the others mentioned in *Boykin*. *Ballard, supra*, 66 Ohio St.2d at 477, 20 O.O.3d at 399, 423 N.E.2d at 118, fn. 4. The trial court's obligation to address the defendant personally and inform him of these rights is specified in Crim.R. 11(C)(2).

The city of Cleveland argues, however, that the mandate in Crim.R. 11(C)(2) does not apply to misdemeanor cases. Crim.R. 11(C)(2) states:

"(C) Pleas of Guilty and No Contest in Felony Cases.

"* * *

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"* * *

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

Crim.R. 11(E) states:

"(E) Misdemeanor Cases Involving Petty Offenses.

"In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the *effect of the plea* of guilty, no contest, and not guilty." (Emphasis added.)

The defendant answers that even in a petty offense case the court must advise the defendant of the same rights that the defendant in a felony case would be entitled to pursuant to Crim.R. 11(C)(2). We agree. The plain language of Crim.R. 11(C)(2) states that it applies to felony cases. Practically, however, to be fully informed of "the effect of the plea," as Crim.R. 11(E) requires, a defendant in a misdemeanor case must be aware of the same rights as a felony defendant.

In *Toledo v. Chiaverini* (1983), 11 Ohio App.3d 43, 44, 11 OBR 76, 77, 463 N.E.2d 56, 58, the Sixth District Court of Appeals interpreted the phrase "the effect of the plea of guilty [and] no contest" in Crim.R. 11(E) to mean that, at a minimum, a trial judge must advise the defendant of his Fifth Amendment and Sixth Amendment constitutional rights. The *Chiaverini* court stated as follows:

"The court, when informing a defendant of the effect of a plea of guilty, no contest or not guilty, pursuant to Crim.R. 11(E), should advise the defendant of his right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witness he may have in his own defense. The court should further advise the defendant that, if he pleads no contest, the court will make a finding with regard to the defendant's guilt or innocence, based upon an explanation of the circumstances as they are set forth in the complaint, as they are presented by the prosecution, or as they are presented by the complainant." *Id.*

This statement provides a comprehensive list of what trial courts should follow in their meaningful dialogue with defendants.

■ This court previously held in *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 218, 17 OBR 458, 460–461, 479 N.E.2d 309, 312–313, that the meaningful dialogue required between the court and a defendant in a felony case pursuant to Crim.R. 11(C)(2) is equally applicable to a misdemeanor offense if there is a possible penalty of imprisonment. *Brewer* holds that "[w]here the possibility of incarceration exists, for even six months or less, constitutional rights attach unless *validly* waived." (Emphasis *sic*.) *Id.* at 218, 17 OBR at 461–462, 479 N.E.2d at 313–314. Therefore, a defendant in a misdemeanor case must also be advised of his constitutional rights pursuant to Crim.R. 11(C).

■ When a trial court violates Crim.R. 11(E) by failing to inform defendants of the effect of their pleas even to a charge of a petty offense, it commits reversible error. *Parma v. Annotico* (Jan. 30, 1997), Cuyahoga App. No. 69655, unreported, 1997 WL 37783; *Broadview Hts. v. Baccellieri* (Aug. 13, 1992), Cuyahoga App. No. 60661, unreported, 1992 WL 198112; see, also, *Warrensville Twp. v. Christmas* (Feb. 12, 1987), Cuyahoga App. No. 51612, unreported, at 3, 1987 WL 6542, citing *State v. Sturm* (1981), 66 Ohio St.2d 483, 20 O.O.3d 403, 422 N.E.2d 853. That was the decision in *Parma v. Peyatt* (Apr. 25, 1996), Cuyahoga App. No. 68997, unreported, 1996 WL 199843, in which the defendant was charged with a first-degree misdemeanor of domestic violence. The defendant pleaded not guilty at his arraignment, but subsequently that morning changed his plea to guilty. *Id.* at 2. The trial court had the following dialogue with the defendant before accepting his plea:

"THE COURT: Okay. * * * [A]long with waiving your right to a trial, you're waiving *all the rights that go along with the trial, such as* the right to be presumed innocent, the right to require the Prosecution to prove your guilt beyond a reasonable doubt, the right to compel witnesses to testify on your behalf with the subpoena process and the right to confront witnesses against you by having Mr. Dixon cross-examine our witnesses against you." (Emphasis added.) *Id.* at 5.

This court held that the trial court did not fully inform the defendant of the effect of his plea under Crim.R. 11(E), because it failed to mention that the defendant was waiving his constitutional right against self-incrimination. *Id.* at 7. The fact that the almost exhaustive listing of constitutional rights by the trial judge in *Peyatt* was deemed by this court to be an inadequate warning illustrates the high standard that this court must apply.

The city of Cleveland further argues that only substantial compliance with this rule is required. We disagree. The standard for a reviewing court to use in determining whether a trial court advised defendants of their Crim.R. 11 rights depends on whether those rights are protected directly under the Constitution. *State v. Arnold* (July 16, 1998), Cuyahoga App. No. 72813, unreported, at 4, 1998 WL 398223; *State v. Gibson* (1986), 34 Ohio App.3d 146, 147, 517 N.E.2d 990, 991–992; *State v. Anderson* (1995), 108 Ohio App.3d 5, 8–9, 669 N.E.2d 865, 867–868; see *Ballard, supra,* 66 Ohio St.2d at 480, 20 O.O.3d at 401–402, 423 N.E.2d at 119–120.

"With respect to constitutional rights, a trial court must strictly comply with the dictates of Crim.R. 11(C)." *Arnold, supra,* at 4; *State v. Colbert* (1991), 71 Ohio App.3d 734, 595 N.E.2d 401; *Gibson, supra,* 34 Ohio App.3d at 147, 517 N.E.2d at 991–992. Strict compliance does not mean, however, that the exact language of Crim.R. 11(C) must be used. *Arnold* at 4. In *Ballard,* the Ohio Supreme Court stated: -

"Therefore, we hold that a rote recitation of Crim.R. 11(C) is not required, and failure to use the exact language of the rule is not fatal to the plea. Rather, the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to the defendant." 66 Ohio St.2d at 480, 20 O.O.3d at 401, 423 N.E.2d at 119.

The substantial-compliance standard that the city describes applies to nonconstitutional rights. *Arnold* at 5; *Gibson,* 34 Ohio App.3d at 147, 517 N.E.2d at 991–992; *Colbert* at 737, 595 N.E.2d at 403. The Supreme Court of Ohio explained this phrase in *State v. Nero* (1990), 56 Ohio St.3d 106, 564 N.E.2d 474, which reviewed only nonconstitutional rights. "Substantial compliance means that under the totality of the circumstances the defendant subjectively

understands the implications of his plea and the rights he is waiving." *Id.* at 108, 564 N.E.2d at 476; see, also, *State v. Scott* (1996), 113 Ohio App.3d 401, 403, 680 N.E.2d 1297, 1297–1298.

■ In the case at bar, the trial court failed to comply either strictly or substantially. The trial judge engaged in the following dialogue with the defendant and his counsel:

"THE COURT: Understanding this matter was set for a jury trial today, and you're now waiving or giving up your right to have this matter tried before a jury.

"MR. WANZO: Yes, your Honor.

"THE COURT: And, you won't have a bench trial; you understand that you're waiving *all associated rights.*

"MR. WANZO: Yes.

"THE COURT: We need to have—you'll sign the Jury Demand Waiver. You're signing the form. It has been signed.

"I will refer this case to probation. Pass for sentencing until September 29. That will be at 9:00 a.m.

"Defendant is to be sent for an alcohol and drug screen assessment and urinalysis to be conducted [for inclusion] in the presentencing report.

"MR. AGOPIAN: Okay. Thank you.

"THE COURT: One of the deputy bailiffs will escort you to the Probation Department at this time.

"See you September 29 at 9:00 a.m." (Emphasis added.)

It is clear from the record that the trial judge informed the defendant only of his right to a trial by jury. None of the other constitutional rights demanded by *Boykin* and *Ballard* was separately stated. The catchall phrase the trial court used—"all associated rights"—does not suffice because it does not specify the constitutionally protected rights the defendant is waiving.

■ The city's final argument is that the defendant had the burden of showing prejudice and has failed to meet this burden. We disagree. It is not necessary to demonstrate prejudice; prejudice is presumed. As the Eleventh District Court of Appeals said:

"*[P]rejudice inheres* in a failure to comply with Rule 11, for noncompliance deprives the defendant of the Rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of his plea." (Em-

phasis added.)  *Eastlake v. DeNiro* (1984), 21 Ohio App.3d 102, 103, 21 OBR 109, 110, 487 N.E.2d 324, 325.

In the case at bar, the plea is fatally ineffective because of the total failure of the trial court to advise the defendant of (1) his right to confront his accusers, (2) his privilege against compulsory self-incrimination, and (3) his right to compulsory process of witnesses to testify on his behalf.  See *Ballard, supra,* 66 Ohio St.2d at 477, 20 O.O.3d at 399–400, 423 N.E.2d at 117–118.  The judgment of the trial court is reversed on the first assignment of error.

In view of this court's disposition of defendant's first assignment of error, the second assignment of error [1] concerning vacation of the plea is rendered moot.[2] App.R. 12(A)(1)(c).

*Judgment reversed*
*and cause remanded.*

TIMOTHY E. McMONAGLE and PATTON, JJ., concur.

---

1.  Assignment of Error No. II asserts:
   "II.  The trial court erred in refusing to allow the appellant to vacate his guilty [*sic,* no contest] plea."

2.  The reversal of the first assignment of error necessitates remand of this proceeding to the trial court.  As a result, the defendant will again be required to enter a plea to the charge of domestic violence.  Therefore, the second assignment of error alleging that the trial court erred in refusing to vacate his no contest plea is moot since, in effect, the defendant's plea will be vacated by remand.