JOURNAL ENTRY AND OPINION
In this delayed appeal, defendant Ralph E. Williams challenges his guilty plea to one count of attempted aggravated robbery. For the reasons set forth below, we affirm.
On April 12, 1996, Cleveland Police filed complaints in the Juvenile Division of the Court of Common Pleas charging defendant with delinquency in connection with a felonious assault and an aggravated robbery. The matter was subsequently transferred to the General Division of the Court of Common Pleas and defendant was indicted for one count of aggravated robbery and one count of felonious assault. Both counts also contained firearm and two violence specifications.
Defendant plead not guilty to the charges. Thereafter, on October 2, 1996, defendant entered into a plea agreement with the state whereby the aggravated robbery charge was amended to attempted aggravated robbery, and the violence specifications were deleted. Defendant entered a guilty plea to the amended charge and the felonious assault charge was dismissed. During the plea proceedings, the following transpired:
 MR. PATTON: Mr. Williams, otherwise known as Jones, has been indicted in a two-count indictment, count one is an aggravated robbery charge in violation of 2911.01; count number two is a felonious assault charge, in violation of 2903.11. The body of the indictment contains numerous specifications.
 It's my understanding, your Honor, the defendant will withdraw his formerly entered plea of not guilty, enter a plea of guilty to count one as follows: The State would amend count one to include the attempt statute, that being 2923.02, making the charge attempted aggravated robbery, a non-probationable offense.
* * *
 THE COURT: All right. So that's what level aggravated felony?
 MR. PATTON: An aggravated felony of the second degree, carrying with it a possible punishment of three, four, five, six, seven, eight to fifteen, plus three years for the gun.
This file has been marked that the defendant must do a minimum of eight to fifteen.
THE COURT: Including the gun?
 MR. PATTON: That's including the specification, yes, your Honor. So it would be three for the gun, plus five to fifteen on the underlying felony.
 THE COURT: All right. Now, what happened on January 28th?
 MR. PATTON: As this particular defendant, who was armed with a sawed-off .22 rifle was struggling with Mr. Carpeal, Mr. Carpeal was attempting to deflect the barrel of the gun away from his head and body.
 THE COURT: Where was the robbery taking place at? MR. PATTON: It was in an alley off West 80th and Detroit.
* * *
 MR. PATTON: The barrel of the gun was pushed into Mr. Carpeal's face, causing him to sustain 17 stitches and a split lip, and as the defendant fled, the gun was fired, hit the brick building behind Mr. Carpeal. But for the fact of that —
 THE COURT: It was shot at him or was it — did it go off during the struggle?
 MR. DOWLING: It went off during the struggle. Mr. Carpeal was able to deflect the gun away from his body. As to the plea itself, I have informed my client of all his constitutional rights. He understands them.
 We've discussed this case at great length. I've had the opportunity to talk to witnesses, including the victim, so he's fully informed.
 He's also informed me fully of all the facts of the case again, and he understands his constitutional rights, and he wishes to withdraw his formerly entered plea and enter a plea to the amended charge.
* * *
 THE COURT: Now, you're waiving all these rights and you're saying you did whatever you plead to here. In this case, it would be aggravated robbery — attempted aggravated robbery, that on January 28th, 1996, you attempted to commit a theft offense with a deadly weapon, or while fleeing immediately after such theft, did inflict or attempted to inflict serious physical harm on Roger Carpeal, and that you did this with a weapon, a firearm on or about your person, such as a loaded gun or sawed-off shotgun or a gun; did you understand that?
THE DEFENDANT: Yes, your Honor.
 THE COURT: Do you understand the possible sentences here?
THE DEFENDANT: Yes, your Honor.
(Tr. 3-21).
The trial court accepted the plea and defendant was subsequently sentenced to five to fifteen years incarceration plus three years for the firearm. Defendant now appeals from the guilty plea and assigns one error for our review.
Defendant's assignment of error states:
 THE TRIAL COURT ERRED WHEN IT ACCEPTED APPELLANT'S GUILTY PLEA WITHOUT HAVING APPRISED APPELLANT OF THE MAXIMUM PENALTY INVOLVED.
Within this assignment of error, defendant asserts that the trial court erroneously accepted his guilty plea without explaining the nature of the charge and the maximum penalty he could receive.
Pursuant to Crim.R. 11(C)(2), the trial court shall not accept a guilty plea without first addressing the defendant personally and:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or her-self.
In determining whether the trial court has satisfied its duties, reviewing courts have distinguished constitutional and non-constitutional rights. See State v. Higgs (1997), 123 Ohio App.3d 400, 402; State v. Gibson (1986), 34 Ohio App.3d 146, 147. The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses. See State v. Stewart (1977), 51 Ohio St.2d 86, 88-89; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus. "Strict compliance" does not require a rote recitation of the exact language of the rule; rather, the focus on review is whether the "record shows that the judge explained these rights in a manner reasonably intelligible to the defendant." State v. Ballard (1981), 66 Ohio St.2d 473, paragraph two of the syllabus. When a judge fails to inform a defendant of a constitutional right before accepting his plea of no contest or guilt, that defendant need not show prejudice. Cleveland v. Wanzo (1998),129 Ohio App.3d 664, 670.
As to the rights set forth in Crim.R. 11 but not guaranteed by the Constitution, only substantial compliance is required. Stewart, supra, at 93; State v. Nero (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero, supra, at 108. Moreover, appellant must show that a failure to comply had a prejudicial effect. Id. "The test is whether the plea would have otherwise been made."
There is not substantial compliance with Crim.R. 11(C)(2)(a) when the trial court fails to accurately inform the defendant of the maximum penalty involved. State v. Calvillo (1991), 76 Ohio App.3d 714, 719-720.
It is clear that the trial court need not inform the defendant of each element of the offense, but rather need only ensure that he understands the charge brought against him. See State v. Rainey (1982),3 Ohio App.3d 441, 442; State v. Swift (1993), 86 Ohio App.3d 407, 412. The court's determination that a defendant understands the charge can be based on the surrounding circumstances, such as recitations of discussions between the defendant and his attorney. The Rainey Court stated:
 In order for a trial court to determine that a defendant is making a plea with an understanding of the nature of the charge to which he is entering a plea, it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determinationthat the defendant understands the charge.
 In other words, under some circumstances, the trial court may be justified in concluding that a defendant has drawn an understanding from sources other than the lips of the trial court.
Id., at 412. See, also, Swift, supra, at 412 (court's determination that a defendant understands the charge can be based on the surrounding circumstances, such as recitations of discussions between the defendant and his attorney). Further, in State v. Carter (1979), 60 Ohio St.2d 34,38, the Supreme Court stated:
 "The question before this court is whether the defendant received notice of the charges leveled against him and, if so, did he understand the nature of those charges. As to the latter requirement, there is no easy or exact way to make such a determination, i.e., to determine what someone subjectively understands. If the defendant receives the proper information, then we can ordinarily assume that he understands that information. In this case, we must decide whether defendant's counsel, or someone else, provided defendant with information or notice of the charges. To do so, we look at all the particular facts and circumstances surrounding the case. Johnson v. Zerbst (1938), 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461.
In this instance, we conclude that defendant's claims are completely refuted by the record. As to the nature of the charges, the record reflects that the prosecuting attorney described the offense and the facts surrounding the offense. In addition, defense counsel informed the court that defendant was fully informed. Thereafter, the court outlined the charge and inquired as to whether defendant understood. Defendant stated that he did so.
As to the maximum penalty, the record demonstrates that the prosecuting attorney outlined the maximum penalty, describing it as three for the gun, plus five to fifteen on the underlying felony. The prosecuting attorney also indicated that the file had been marked to require the defendant to serve eight to fifteen years. This was the sentence actually imposed by the court.
In accordance with the foregoing, the assignment of error is without merit and the judgment of the trial court is hereby affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________________ ANN DYKE, MINISTRATIVE JUDGE
PATRICIA A. BLACKMON, J., AND JOSEPH J. NAHRA, J.*, CONCUR.
* Sitting by assignment: Judge Joseph J. Nahra, Retired, of the Eighth District Court of Appeals.