DECISION
Defendant-appellant, Todd George, appeals from a judgment of the Franklin County Municipal Court finding him guilty, pursuant to defendant's guilty plea, of operating a motor vehicle while under the influence of alcohol or drugs of abuse. Defendant assigns a single error:
 THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA IN VIOLATION OF CRIM. R. 11 AND DUE PROCESS GUARANTEES UNDER THE STATE AND FEDERAL CONSTITUTIONS.
Because the trial court substantially complied with provisions of Crim.R. 11, we affirm the judgment of the trial court.
On July 23, 2000 at 2:30 a.m., defendant was driving an automobile when he was stopped and ultimately charged with operating a motor vehicle while under the influence of alcohol and/or drugs of abuse in violation of Reynoldsburg City Code 333.01(A)(1), and failure to maintain marked lanes of travel in violation of Reynoldsburg City Code 331.08.
Although defendant initially entered a not guilty plea to both charges, defendant changed his not guilty plea to a plea of guilty to the charge of operating a motor vehicle while under the influence of alcohol and/or drugs of abuse; the prosecution dismissed the remaining charge. Finding defendant guilty, the trial court sentenced defendant accordingly. Defendant appeals, asserting in his single assignment of error that the trial court failed to comply with the requisites of Crim.R. 11 in accepting defendant's guilty plea.
Apart from the constitutional provisions of Crim.R. 11, which require strict compliance, a trial court must substantially comply with the requirements of Crim.R. 11 before it may accept a guilty plea. State v. Stewart (1977), 51 Ohio St.2d 86. Operating a motor vehicle while under the influence of alcohol or drugs of abuse is a misdemeanor of the first degree and is punishable by a maximum of six months in jail. Because the charge is a petty offense, as that term is defined in Crim.R. 2(D), the trial court was required to substantially comply with the provisions of Crim.R. 11(E) before accepting defendant's guilty plea.
Crim.R. 11(E) provides that "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect the plea of guilty, no contest, and not guilty." As defendant notes, the Sixth District Court of Appeals in Toledo v. Chiaverini (1983), 11 Ohio App.3d 43, held that a court, when accepting a guilty plea pursuant to Crim.R. 11(E), must advise a defendant of the constitutional rights that are being waived by pleading guilty. Id. at 44. Many courts in Ohio have followed Chiaverini, and required that trial courts explain the constitutional rights defendants waive by pleading guilty to a misdemeanor petty offense. See, e.g., State v. Cady (Apr. 5, 1999), Warren App. No. CA97-09-102, unreported; State v. Raimer (Dec. 24, 1998), Geauga App. No. 97-G-2120, unreported; Cleveland v. Wanzo (1998), 129 Ohio App.3d 664, 668.
This court, however, has declined to follow Chiaverini. State v. Johnson (May 11, 1989), Franklin App. No. 88AP-1107, unreported; Columbus v. Pearce (Aug. 29, 1989), Franklin App. No. 89AP-17, unreported. Johnson refused to engraft the requirements of Chiaverini onto Crim.R. 11(E), reasoning that "the court in Chiaverini *** extended Crim.R. 11(E) beyond its intended scope, and this court declines to do the same." Id. As the court explained in Pearce, Chiaverini requires the trial court in effect to follow the procedures set forth in Crim.R. 11(C) which governs the acceptance of pleas in felony cases, and "[w]hile that may be the better procedure, it is not mandated by Crim.R. 11(E) ***." Id.
In Johnson, the trial court substantially complied with the requirements of Crim.R. 11(E) by notifying defendant of both the maximum penalties he could receive and the waiver of his right to a jury trial resulting from his guilty plea. Here, the trial court, in its colloquy with defendant stated:
 By pleading guilty, you give up the right to a formal trial, either to a judge or to a jury; and you do place yourself on the mercy of the Court with respect to the potential punishment, which is as follows: At least three days confinement, mandatory, but it could be as much as six months. There is a fine under Reynoldsburg Code that mirrors the State code.
 Mr. Roth, does Reynoldsburg mirror State code in terms of fine?
MR. ROTH: I believe our minimum is $300.
 THE COURT: Minimum fine of not less than $300, nor more than $1,000; driver's rights suspension not less than six months and — 180 days, and could be as much as three years. You also receive six points on your traffic record. If you did not have financial responsibility in effect at the time of the incident, then you got another problem, and that is reinstatement fees to be paid at the Bureau of Motor Vehicles in order to get back a license. (Tr. 2-3.)
In addition, the court inquired whether defendant had signed and fully understood the guilty plea document which more elaborately set out the rights defendant was waiving and in which defendant acknowledged he knowingly and voluntarily waived all those rights, and defendant responded that he had. The court further inquired whether defendant was satisfied with his attorney's legal representation, and it inquired of counsel whether counsel felt defendant was knowingly, voluntarily, and intelligently waiving his rights. Defendant and counsel, respectively, answered affirmatively.
With that colloquy, the trial court advised defendant of the maximum possible penalty, as well as the minimum required to be imposed pursuant to law. The court further advised defendant he was giving up his right to a trial by jury or by judge and placing himself on the mercy of the court with respect to punishment. Having done so, the trial court substantially complied with the provisions of Crim.R. 11(E) according to this court's decision in Johnson. The trial court having substantially complied with the provisions of Crim.R. 11(E), we overrule defendant's single assignment of error and affirm the judgment of the trial court.
 ____________________ BRYANT, P.J.
BOWMAN and BROWN, JJ., concur.