I respectfully dissent from the decision of the majority to amend the language of Crim.R. 11(C) (2) and Crim.R. 11(E) by judicial opinion. The two rule sections delineate different standards for different classes of criminal offense and could have easily provided otherwise had the Supreme Court of Ohio or the General Assembly intended to do so. While the provisions of Crim.R. 11(C) may be the better practice, that procedure is not mandated upon the municipal judges of this state in cases of this nature under either Crim.R. 11(E) or Crim.R. 11(C). Accordingly, I would reject the interpretation of those appellate districts which have chosen to follow the decisions in Toledo v. Chiaverini (1983), 11 Ohio App.3d 43
and Cleveland v. Wanzo (1998), 129 Ohio App.3d 664, and instead would adopt the position of the Tenth District Court of Appeals as set forth inCity of Columbus v. Simmons (Dec. 28, 1999), Franklin App. No. 99AP-310, unreported, holding that substantial compliance with Crim.R. 11(E) in petty misdemeanor cases is established where the court has informed the defendant of the effect of a plea on the finding of guilt and the potential penalties involved.
In this case, the trial court clearly advised the defendant of his various plea options and the fact that a guilty plea or no contest plea would result in a guilty finding, either by express admission of guilt or by not contesting the truth of the facts alleged. The court further advised the defendant of his right to obtain counsel and that the court would grant a continuance to allow him to do so prior to proceeding with any plea change; his right to a jury trial on continuation of his not guilty plea; and all of the possible penalties which could or must be imposed upon a plea of guilty or no contest in this case. As a result, I would find substantial compliance with the express provisions of Crim.R. 11(E) which govern this case, and would affirm the judgment and sentence of the trial court.