JOURNAL ENTRY and OPINION
Defendant-appellant Lonette Barnes appeals the trial court's decision denying her motion to vacate her guilty plea. For the reasons below, we affirm the decision of the trial court.
On October 1, 2000, Barnes was arrested for stealing a jacket valued at $228 from a store at Beachwood Place Mall. She was charged with one count of theft in violation of R.C. 2913.02.
On October 17, 2000, Barnes appeared in court and entered her guilty plea to the theft charge. The trial court sentenced Barnes to 120 days in jail, and fined her $250.
On November 3, 2000, Barnes filed a motion to vacate her guilty plea. The affidavit attached to her motion stated that she felt pressured to enter the guilty plea, and that if she would have known about the defenses available to her, she would not have pled guilty. On November 13, 2000, the trial court denied this motion. This court granted her request for an appeal bond.
Barnes raises the following assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT FAILED TO FULLY APPRISE THE APPELLANT OF ALL HER CONSTITUTIONAL RIGHTS.
 II. THE TRIAL COURT ERRED BY ACCEPTING THE APPELLANT'S GUILTY PLEA WITHOUT THE VERBAL ACKNOWLEDGMENT THAT APPELLANT WAS AWARE OF THE RANGE OF PENALTIES AND POTENTIAL CONSEQUENCES.
Barnes contends that the judge failed to inform her of her constitutional rights, as required under Crim.R. 11. Specifically, Barnes alleges that the trial court failed to advise her of the effect of her plea and that Beachwood carried the burden of proving her guilt beyond a reasonable doubt.
This matter involves a petty offense. See R.C. 2913.02 (B)(2). Crim.R. 2(D) defines a "petty offense" as any "misdemeanor other than a serious offense," and Crim.R. 2(C) defines a "serious offense" as "any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Because Barnes' sentence involves confinement not exceeding six months, the offense for which she was found guilty is a petty offense. See Cleveland v. Chebib (Jan. 18, 2001), Cuyahoga App. No. 76924, unreported.
Crim.R. 11 (E) sets forth the requisite notice to be given to a defendant at a plea hearing on a petty offense and provides that:
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.
 The counsel provisions of Crim. R. 44(B) and (C) apply to division (E) of this rule.
To be fully informed of "the effect of the plea," as Crim.R. 11(E) requires, the court must advise the defendant of the same rights that a defendant in a felony case is entitled to pursuant to Crim.R. 11(C)(2). See Cleveland v. Wanzo (1998), 129 Ohio App.3d 664, 667, 718 N.E.2d 982.
In Boykin v. Alabama (1969), 395 U.S. 238, 23 L.Ed.2d 274,89 S.Ct. 1709, the U.S. Supreme Court held that a defendant must be advised of his or her constitutional rights, including the privilege against compulsory self-incrimination, right to a trial by jury, and right to confront one's accusers before a waiver of those rights is valid. See, Cleveland v. Wanzo, 129 Ohio App.3d at 666, citing, Boykin, at 243. The Ohio Supreme Court followed Boykin and added that the defendant must also be informed of his right to compulsory process of witnesses to testify on his behalf. Id. at 667, citing, State v. Ballard (1981), 66 Ohio St.2d 473,473-477, 423 N.E.2d 115.
Addressing Barnes' arguments, we first find that Barnes' contention that the trial court failed to advise her of Beachwood's burden of proof is well taken.
It is undisputed that the trial judge did not inform Barnes that Beachwood is required to prove her guilt beyond a reasonable doubt as set forth in Crim.R. 11(C)(2)(c).
However, as stated by the Ohio Supreme Court in State v. Nero:
 [L]iteral compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that
there was substantial compliance. State v. Scott (1996),113 Ohio App.3d 401, 406 680 N.E.2d 1297, citing, State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474.
Substantial compliance allows the trial court to infer from the totality of the circumstances that the defendant understood the charges against him. State v. Scott, 113 Ohio App.3d at 406, citing, State v. Rainey (1982), 3 Ohio App.3d 441, at 442, 446 N.E.2d 188; see, also, State v. Nero, supra, at 108.
Further, while the trial court is required by Crim.R. 11(C)(2)(c) to inform the defendant of his right to have the State prove his guilt beyond a reasonable doubt, this is not required by Boykin, because it is not a constitutional right, but a statutory right. State v. Scott, supra, at 406, citing, State v. Sturm (1981), 66 Ohio St.2d 483, 484, fn. 2, 422 N.E.2d 853. [W]here the claimed error does not involve the failure to inform a defendant of a specific constitutional right, we will not vacate his plea unless he shows such failure was prejudicial. State v. Davis (Sept. 7, 2000), Cuyahoga App. No. 76085, unreported, citing, Nero, 56 Ohio St.3d at 108, 564 N.E.2d at 476; Stewart,51 Ohio St.2d at 93, 364 N.E.2d at 1167. Here, Barnes failed to establish that she was prejudiced by the trial court's failure to inform her of Beachwood's burden; thus, the trial court did not err in failing to advise her that the charge against her must be proven by Beachwood beyond a reasonable doubt. See State v. Scott, 113 Ohio App.3d at 406; Davis, supra.
Next, although Barnes does not specifically raise the issue of waiver of counsel as a separate assignment of error, she does address this issue in her appellate brief. Further, this issue was the basis upon which she filed her motion to vacate her guilty plea. Therefore, it is necessary to address whether the trial court adequately advised Barnes of her right to counsel at the time of her plea.
This court held in Garfield Hts. v. Brewer (1984), 17 Ohio App.3d 216,217, 479 N.E.2d 309, 311-312, that the Sixth Amendment right to counsel extends to misdemeanor cases which could result in the imposition of a jail sentence. Chebib, supra. See also, Argersinger v. Hamlin (1972),407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006. And, because courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, the waiver must affirmatively appear on the record. Id.; State v. Haag (1976), 49 Ohio App.2d 268, 360 N.E.2d 756; Cleveland v. Whipkey (1972), 29 Ohio App.2d 79, 278 N.E.2d 374.
A careful review of the guilty plea transcript reveals that the judge fully advised Barnes of the effect of her guilty plea, and of her right to counsel in accordance with both Crim.R. 11(E) and Crim.R. 44(B) and (C).
The hearing transcript reads as follows:
 The Court: I understand that you are going to enter a plea of guilty to the charge today. Before you do that, you also need to know that Theft is a first degree misdemeanor. What that means is that you are looking at a range of penalties running from zero to a thousand dollars in fines, up to six months in jail and up to five years of probation. Do you understand that this is a serious offense?
 And do you also understand that if you enter a plea of either no contest or guilty today, that you are going to be giving up some constitutional rights that you have under the law. It means you give up a right to have a trial or a trial by jury; you give up your right to call witnesses of your own or to cross-examine the witnesses that the City of Beachwood would bring in to testify against you. You give up your right to remain silent and not to incriminate yourself. You give up your right to have a lawyer with you today, or to have a continuance to get a lawyer if you want to consult with somebody before you plead, or to have a court-appointed lawyer, under the laws of Ohio, if you're considered indigent and need an attorney.
 When you say that plea of either no contest or guilty today, you give up those constitutional rights; do you understand that?
Barnes: Yes, ma'am.
 The Court: Then to the charge of Theft, how do you wish to plead at this time?
Barnes: Guilty.
Thus, because Barnes was fully advised of all of her constitutional rights, we conclude that Barnes knowingly, intelligently, and voluntarily pled guilty to the theft offense and waived her right to counsel. As such, Barnes' first assignment of error is overruled.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO HOLD A HEARING ON THE APPELLANT'S MOTION TO VACATE THE GUILTY PLEA.
In this assignment of error, Barnes argues that the trial court erred in denying her motion to vacate her guilty plea without a hearing.
A hearing on a post-sentence motion to withdraw a guilty plea is not mandated if the facts alleged by the defendant and accepted as true by the trial court would not require the court to allow the withdrawal of the plea. State v. Wynn (1998), 131 Ohio App.3d 725; State v. Blatnik (1984), 17 Ohio App.3d 201, at 204, 478 N.E.2d 1016; State v. Hamed (1989), 63 Ohio App.3d 5, 7, 577 N.E.2d 1111.
Post-sentence revocationsare governed by Crim.R. 32.1 and may only be granted to avoid a miscarriage of justice. Wynn, supra; State v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863. The burden of establishing manifest injustice is on the movant. Id.
The pivotal concern in determining whether to grant a hearing on such a motion is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case. State v. Swortcheck (1995),101 Ohio App.3d 770, 656 N.E.2d 732; State v. Strutton (1988),62 Ohio App.3d 248, 575 N.E.2d 466.
In the instant case, there were no substantive grounds for relief presented by Barnes. Barnes' affidavit states that her plea should be vacated because she entered it without the advice of counsel, because she listened to the advice of the trial court's bailiff, and because she was from out-of-state and lacked the support of her family and friends at the time of her plea.
However, the trial court properly readvised her of her right to counsel before her plea and she waived that right. Thus, the fact that she entered the plea while unrepresented and with lack of support from her family and friends, does not amount to manifest injustice.
Even if all of the averments in Barnes' post-sentence motion for withdrawal of her guilty plea were taken as true, she would not have prevailed on her motion to withdraw her guilty plea. Therefore, the trial court did not err in denying her motion without a hearing.
Therefore, Barnes' second assignment of error is without merit.
Accordingly, we affirm the decision of the trial court.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J., CONCURS TERRENCE O'DONNELL, J., CONCURS IN SEPARATELY CONCURRING OPINION