JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant appeals his convictions and sentences. Defendant was originally indicted in January 2002 on five counts including one count of aggravated robbery (count one), one count of attempted murder (count two), and one count of felonious assault (count three). Each of the three counts carried a firearm and repeat violent offender specification. Defendant was also indicted for having a weapon under disability (count four) and carrying a concealed weapon (count six)[1].
 {¶ 2} Defendant pled guilty to the indictment in its entirety and was referred for a presentence investigation report before the court imposed sentence. In April 2002, defendant was sentenced to five years on the aggravated robbery charge, ten years on the attempted murder offense, eight years for the felonious assault, one year on the weapon under a disability and one year for the concealed weapon charge. After merger of the three firearm specifications, defendant received three additional years. Counts two, three, four, and six were to be served concurrently, but consecutive to count one. In total, defendant was sentenced to eighteen years of incarceration.[2] In this timely appeal, defendant presents the following assignments of error for review.
 {¶ 3} "Assignment of Error No. I: The trial court erred in determining that appellant White [sic] entered a knowing, voluntary and intelligent plea in violation of both the United States and Ohio Constitutions."
 {¶ 4} Defendant argues that his guilty pleas should be vacated because he did not "objectively understand the implications of his plea and the rights he [was] waiving." Defendant's brief at p. 3. The underlying purpose of Crim.R. 11(C)[3] is to ensure that certain information is conveyed to a defendant so that he can make a voluntary and intelligent decision regarding whether or not to plead guilty. Statev. Fort, Cuyahoga App. No. 80604, 2002-Ohio-5068; State v. Ballard
(1981), 66 Ohio St.2d 473, 423 N.E.2d 115.
 {¶ 5} "The standard for reviewing whether or not the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." State v. Krcal, Cuyahoga App. No. 80061, 2002-Ohio-3634; Statev. Stewart (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163.
 {¶ 6} "In determining whether the trial court has satisfied its duties, reviewing courts have distinguished between constitutional and non-constitutional rights." Fort, supra at ¶ 25; State v. Ballard
(1981), 66 Ohio St.2d 473, at syllabus citing Boykin v. Alabama (1969),395 U.S. 238, 243-44.
 {¶ 7} Strict compliance is required when a defendant waives a right granted under the Constitution. The constitutional rights requiring strict compliance are contained in Crim.R. 11(C)(2)(c): the privilege against compulsory self-incrimination, the right to jury trial, the right to confront his accusers, and the right of compulsory process of witnesses. "[A] trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights `in a manner reasonably intelligible to that defendant.'" Fort, supra at ¶ 25 citing Ballard, supra, at syllabus.
 {¶ 8} The rights specified under 11(C)(2)(b), on the other hand, are non-constitutional rights: a right to be informed of the nature of the charges and of the maximum penalty involved, and if, applicable, non-eligibility for probation or for the imposition of community control sanctions at the sentencing hearing. Moreover, Crim.R 11(C)(2)(b) requires the court to determine whether the defendant understands the court's explanation. When a non-constitutional right is at issue, the matter is reviewed under the substantial compliance standard. Fort, supra; State v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474; City ofCleveland v. Wanzo (1998), 129 Ohio App.3d 664, 718 N.E.2d 982. As this court previously explained, "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Wanzo, quotingState v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.
 {¶ 9} Typically, the trial court is able to ascertain whether a defendant comprehends the nature of the charges and the consequences of a guilty plea through an oral dialogue with the defendant. State v.Caudill (1976), 48 Ohio St.2d 342, at 343, 358 N.E.2d 601, paragraph two of the syllabus. A trial court's determination that a defendant understands the charges can also be gleaned from conversations between the defendant and his attorney. State v. Swift (1993), 86 Ohio App.3d 407,412; 621 N.E.2d 513.
 {¶ 10} Although defendant properly presents the standard the court must meet, defendant never specifies precisely how the court failed to meet this standard. Defendant merely calls the court's review of defendant's constitutional rights as "cursory." We do not agree. The record of defendant's plea hearing shows that before defendant entered his plea the court first stated the changes on each count and then the following dialogue occurred:
"MS. GALLAGHER:
* * *
It is the State's understanding at this time that the defendant will bewithdrawing his not guilty pleas and entering guilty pleas to each andevery count of the indictment as indicted.
As indicted, Count 1 is a felony of the first degree with a possible termof incarceration of 3 to 10 years and/or up to a fine of —
THE COURT: $20,000.
MS. GALLAGHER: — $20,000. Count 2 is a felony of the firstdegree, with a possible term of incarceration from 3 to 10 years with afine up to $20,000.
Count 3 is a felony of the second degree with a possible term ofincarceration from 2 to 8 years, as well as a fine of up to %15,000.
Count 4 is a felony of the fifth degree with a possible term ofincarceration from 6 to 12 months and a fine of up to $2,500.
Count 6 is a felony of the fourth degree with a possible term ofincarceration from 6 to 18 months, as well as a fine of up to $5,000.
* * *
THE COURT: In order to assure completeness, I believe that the repeatviolent offender specification would pertain to Counts 1, 2 and 3,leading to a possible additional sentence of up to 10 years on each ofthose. Am I correct?
MS. GALLAGHER: That is correct, Your Honor, if you were to give thedefendant the maximum sentence, that is correct.
THE COURT: Okay. And the notice of prior conviction, is that in any—
MR. SPELLACY: Makes it nonprobationable.
* * *
MS. GALLAGHER: And no judicial release, Your Honor.
THE COURT: Right.
* * *
MR. SPELLACY: Judge, my client at this time wishes to enter guilty pleasto the indictments.
THE COURT: Mr. Sample, did you hear and understand everything that's beensaid here today?
THE DEFENDANT: Yes, Your Honor.
* * *
THE COURT: Are you satisfied with the job that your attorney has beendoing for you?
THE DEFENDANT: Yes, Your Honor.
THE COURT: As I'm sure you are aware, you're entitled to certain basicconstitutional rights. I'm going to go over those rights with you so therecord is clear that you understand your rights before you enter a plea.I want you to feel free to interrupt me if there's anything you need tohave explained.
You have a right to a trial by jury. * * *
You have a right to confront the state's witnesses * * *.
You have a right to subpoena witnesses. * * *
You have a right to a lawyer throughout these proceedings * * *.
At trial, you have a right to testify, yourself, or you may choose not totestify and no one may comment if you decide to remain silent.
Furthermore, you may not be forced to give any testimony againstyourself.
Finally, you do not have to prove a thing. The State of Ohio has theburden of proving its case against you by evidence beyond a reasonabledoubt.
Now do you understand by pleading guilty, you will be giving up all ofthose rights?
THE DEFENDANT: Yes, Your Honor.
THE COURT: Do you understand as well the penalties for those crimes* * *.[4]
* * *
Knowing everything we've gone over today, how do you plead to thosecharges, sir?
THE DEFENDANT: Guilty, Your Honor.
* * *
THE COURT: The court finds that the defendant understands hisconstitutional rights, voluntarily and willingly waives those rights, andenters a plea of guilty to the indictment."
Tr. 4-16.
 {¶ 10} Given the foregoing dialogue between the court and defendant, we conclude that the trial court strictly complied with Crim.R. 11. The transcript demonstrates that the court not only fully engaged in a meaningful dialogue with defendant about all the constitutional rights he was waiving by entering a plea, but also explained each offense and its possible penalties. Defendant's attorney, moreover, confirmed his client's desire to plead guilty to the indictment as charged.
 {¶ 11} In addition, the trial court specified the maximum penalty for each count. On this record, we conclude that defendant's pleas were knowing, intelligent and voluntary. Accordingly, defendant's first assignment of error is overruled.
 {¶ 12} "Assignment of Error No. II: The trial court erred when it imposed more than the minimum terms of imprisonment on Mr. sample without making the necessary findings required by R.C. 2929.14(B).
 {¶ 13} Assignment of Error No. III: The trial court erred in imposing the maximum sentence pursuant to R.C. 2929.14(C) where it did not find or set forth factors supporting that the appellant committed the worst form of the offense or that the appellant posed the greatest likelihood of committing future crimes.
 {¶ 14} Assignment of Error No. IV: The trial court erred by ordering consecutive sentences when it failed to make any of the necessary findings or reasons for the findings required by R.C.2929.14(E)(4).
 {¶ 15} Assignment Of Error No. V: The trial court's maximum and consecutive sentence was disproportionate because it failed to achieve the first overriding purpose of felony sentencing in Ohio's Revised Code by imposing a consistent sentence when compared to similar crimes committed by similar offenders."
 {¶ 16} Since these assignments of error all involve sentencing issues, we address them together. First, defendant argues the court erred in sentencing him to a maximum term of imprisonment. R.C. 2929.14(B) provides that a defendant who has never served a prison term be given the minimum sentence unless the trial court makes certain findings on the record. State v. Jones (2001), 93 Ohio St.3d 391, 754 N.E.2d 1252; Statev. Lutz, Cuyahoga App. No. 80241, 2003 Ohio 275.
 {¶ 17} In the case at bar, the trial court expressly stated that defendant had previously been convicted of aggravated robbery in Case No. 369656 and served almost one year in prison. Tr. 13. Because of his prior prison term, the court was not required, therefore, to make the findings set forth in section (B) of the statute.
 {¶ 18} Next, defendant claims the trial court erred because it did not state the appropriate findings on the record before imposing a maximum sentence.
 {¶ 19} R.C. 2929.14(C) permits the imposition of a maximum prison term only if the court expressly finds the offender committed the worst form of the offense, or posed the greatest likelihood of committing future crimes, or committed certain major drug offenses or qualified as a certain type of repeat violent offender. Although the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings that the offender meets one or more of the criteria found in R.C. 2929.14(C).[5] State v. Brown, Cuyahoga App. No. 80725, 2002-Ohio-5468; State v. Maynard, (July 12, 2001), Cuyahoga App. No. 78167; State v. Edmonson (1999),86 Ohio St.3d 324, 715 N.E.2d 131.
 {¶ 20} Before making its own findings, the court allowed the state to describe some of the details of defendant's conduct. The prosecutor stated: "Judge, I do want to say one thing, that the victim in this case was shot three times, once in the face, once in the neck, and then once in the hand. "Also, just to make you aware a little bit of thesituation, once the defendant was shot and was — and he had fallento the ground, he continued to shoot at the victim in this case, whichgoes to the attempted murder charge in this case."
 {¶ 21} The court gave two findings: "Also, given your prior record, I think it's certainly not too long a sentence." The court explained: "* * * this is by far the worst example of the offenses that you have been charged with, the circumstances here, putting a number of other innocent people at risk, and add that to your prior record, and I think that the sentence I've imposed is certainly appropriate and not excessive." Tr. 28.
 {¶ 22} Under the statute, we conclude the trial court made the required findings and thus did not err in imposing the maximum term of imprisonment.
 {¶ 23} Defendant argues next that the court did not make the findings required for imposing consecutive terms. R.C. 2929.14(E)(4)[6]
requires specific findings that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public,"and that one of the following occurred:
"(a) The offender committed the multiple offenses while the offenderwas awaiting trial or sentencing, was under a sanction imposed pursuantto section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was underpost-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusualthat no single prison term for any of the offenses committed as part of asingle course of conduct adequately reflects the seriousness of theoffender's conduct.
 (c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender."
 {¶ 24} The court need not use the exact wording set forth in the statute, but it must satisfy the three requirements specified. The court must also find that one of the criteria set forth in subsections (a)-(c) is satisfied. State v. Lutz, Cuyahoga App. No 80241, 2003-Ohio-275; Statev. Albert (1997), 124 Ohio App.3d 225, 705 N.E.2d 1274 (imposition of consecutive sentences requires trial court to make all specific findings necessary under R.C. 2929.14(E)(4) [a]-[c]).
 {¶ 25} The state concedes and we agree that the court failed to make any of the requisite findings prior to imposing consecutive terms upon defendant. We, therefore, sustain assignment of error no. IV.
 {¶ 26} Finally, defendant claims the sentences he received are not consistent with sentences received by other defendants who have committed similar crimes. As stated in R.C. 2929.11(A), "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public or both." Section (B) of the statute further provides that the "sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 27} Nothing in the statute, however, explicitly imposes upon the court the burden of demonstrating this consistency. Rather, this section appears to be a general introduction establishing the "overriding purpose" of the new sentencing rules. It is through the specific statutes that follow that the goal of consistency is to be achieved. Consistency, moreover, is not properly achieved through reporting bits and snips of information about other sentences. On the contrary, first a body of data needs to be systematically developed and universal access provided to this data. In any event, the burden rests on the appellant, if on anyone, to cite specific evidence of inconsistency. Appellant does not provide any support here, of his claim of inconsistency. Accordingly, we overrule this assignment of error.
 {¶ 28} For the foregoing reasons, the judgment of the trial court is affirmed in part, and reversed in part. Defendant's sentences are vacated and this matter remanded to the trial court for the sole purpose of resentencing proceedings consistent with this opinion.
It is, therefore, ordered that appellee and appellant split the costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and JOSEPH J. NAHRA*, J.
[1] The indictment specified count five, which did not apply to defendant here, but rather to a co-defendant.
[2] Defendant was also notified during sentencing that he would be under post-release control per R.C. 2967.28.
[3] Crim.R. 11(C) provides, in pertinent part: "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following: (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
[4] At this point in the proceedings, the court repeated what the state had already said about the possible sentence on each count of the indictment: that defendant was not eligible for probation or judicial release and that he would be subject to post-release control sanctions.
[5] This court has previously held that the alternatives set forth in section (C) of the statute are read in the disjunctive. State v.Johnson, Cuyahoga App. No. 80533, 2002-Ohio-5960; State v. Hogan, Cuyahoga App. No. 80157, 2202-Ohio-1773.
[6] We apply the March, 2001 version of the statute in effect at the time of defendant's sentencing. R.C. 2929.14 was subsequently amended.
* Sitting by assignment Judge Joseph Nahra, Retired of the Eighth District Court of Appeals.