JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant David Feckley ("Feckley") appeals from his conviction in the Cuyahoga County Court of Common Pleas of endangering children in violation of R.C. 2919.22 and felonious assault in violation of R.C. 2903.11 with notice of prior conviction and repeat violent offender specifications. For the reasons adduced below, we reverse the judgment and remand.
 {¶ 2} The following facts give rise to this appeal. A 35-count indictment was filed against Feckley on June 19, 2002. The indictment included counts for endangering children, rape with notice of prior conviction and repeat violent offender specifications, gross sexual imposition, intimidation, and felonious assault with notice of prior conviction and repeat violent offender specifications.
 {¶ 3} Feckley pled guilty to endangering children and felonious assault with notice of prior conviction and repeat violent offender specifications. The remaining charges were nolled.
 {¶ 4} A sentencing hearing was held on August 26, 2002. At the hearing, Detective Daniel Ross testified about the injuries sustained by the victim, the medical report, statements made by the victim's mother and grandmother concerning threatened violence by Feckley, a history of domestic violence in the household including prior abuse of the child, and Feckley's lack of remorse. Following the detective's testimony, the trial court reviewed Feckley's prior record and read portions of the presentence investigation report. The trial court then sentenced Feckley to the maximum eight-year sentence for endangering children and the maximum eight-year sentence for felonious assault, to run concurrent.
 {¶ 5} Feckley appeals his conviction asserting one assignment of error:
 {¶ 6} "I. The trial court failed to comply with the mandates of Crim.R. 11 in that it failed to inform defendant-appellant of his right to call witnesses on his behalf."
 {¶ 7} Feckley claims the trial court failed to inform him of his constitutional right to compulsory process and/or to call witnesses on his own behalf. The state concedes that the court erred.
 {¶ 8} Ohio courts have held, in relation to constitutional rights, that strict compliance with Crim.R. 11(C) is necessary before it can be determined that a plea was given knowingly, intelligently and voluntarily. State v. Colbert (1991), 71 Ohio App.3d 734, 737, citingState v. Gibson (1986), 34 Ohio App.3d 146; Cleveland v. Wanzo (1998),129 Ohio App.3d 664, 666-667. As the Ohio Supreme Court held in State v.Ballard (1981), 66 Ohio St.2d 473, 473-477: "a guilty plea is constitutionally infirm when the defendant is not informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses in his behalf."
 {¶ 9} Here, the transcript reflects that the court inquired whether Feckley understood that by pleading guilty he would waive his right to a jury trial, his right to confront and examine the state's witnesses, and his privilege against self-incrimination. However, the trial court failed to inform Feckley of his right to compulsory process for obtaining witnesses on his behalf. As the state points out, we have previously held that the failure of a trial court to inform a defendant of his constitutional right of compulsory process renders the plea constitutionally infirm. State v. May (Nov. 21, 2001), Cuyahoga App. No. 79512. Upon this authority, we hold that the trial court erred in accepting Feckley's plea.
 {¶ 10} Accordingly, Feckley's sole assignment of error is sustained.
 {¶ 11} Judgment of conviction is reversed and the cause is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and COLLEEN CONWAY COONEY, J., concur.