JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Ernest Watson appeals from his convictions and sentences after entering guilty pleas to numerous charges in four separate cases.
 {¶ 2} Appellant contests the validity of his pleas by asserting the trial court failed to explain to him the nature of the offenses as required by Crim.R. 11(C). Appellant further contests his sentences by asserting the trial court failed either adequately to state its reasons for imposing consecutive terms or to engage in an analysis of their proportionality pursuant to R.C. 2929.11(B).
 {¶ 3} After an examination of the record, this court determines the trial court committed no error. Consequently, appellant's convictions and sentences are affirmed.
 {¶ 4} Appellant's convictions result from a crime spree that occurred in the Collinwood neighborhood of Cleveland in the late spring of 2002. The perpetrators invaded several homes, often while their owners were present, and stole items of personal property; in one instance, they also beat an elderly female resident nearly to the point of death. The police discovered appellant's fingerprints at each location.
Thus, appellant subsequently was indicted in four cases. CR-425794 listed three victims, set forth the dates of the offenses as May 28, June 7, and June 21, 2002, and charged appellant with ten counts as follows: burglary; two counts of theft, both with elderly specifications; two counts of receiving stolen property, one with an elderly specification; one count of aggravated burglary; one count of attempted murder; one count of felonious assault; one count of intimidation; and one count of aggravated robbery.
 {¶ 5} CR-425795 pertained to a single victim for crimes committed the night of June 11, 2002. It contained one count of burglary, one count of theft, and one count of receiving stolen property.
 {¶ 6} CR-425796 pertained to seven additional crimes committed on June 21, 2002. It listed three more victims, and charged appellant with three counts of receiving stolen property, two counts of possession of cocaine, one count of burglary, and one count of theft.
 {¶ 7} CR-425995 pertained to June 4, 2002, set forth one victim, and charged appellant with receiving a stolen motor vehicle.
 {¶ 8} Each of appellant's cases was assigned to the same trial court. After several pretrial hearings, appellant's assigned defense counsel arranged a plea agreement with the state. The prosecutor stated to the trial court the cases had been "pretried fully," and defense counsel had been "provided with full discovery in each * * * matter." The prosecutor then outlined on the record the particulars of the agreement.
 {¶ 9} In CR-425794, in exchange for the dismissal of the five other charges, appellant would enter pleas of guilty to five counts: one count each of burglary, receiving stolen property, aggravated burglary, felonious assault, and aggravated robbery. In CR-425795, in exchange for the dismissal of the two other charges, appellant would enter a guilty plea to the first count of burglary. In CR-425796, in exchange for the dismissal of the three other charges, appellant would enter a guilty plea to two counts of receiving stolen property, one count of possession of cocaine, and one count of burglary. Finally, in CR-425995, appellant would change his plea to guilty to the charge.
 {¶ 10} In outlining the agreement, the prosecutor stated for each crime its Ohio Revised Code section, the degree of the offense, and the potential penalties involved. Defense counsel concurred in the prosecutor's detail of the agreement.
 {¶ 11} The trial court then addressed appellant. Appellant told the trial court he was 41 years old and possessed an 11th grade education. The trial court explained the constitutional rights appellant was relinquishing in entering his pleas. Thereafter, in response to the trial court's questions, appellant additionally agreed that he understood the offenses, their potential penalties, and the possibility of post-release control.
 {¶ 12} The trial court proceeded to ask appellant his plea in each of the four cases. Before accepting appellant's guilty pleas, the trial court repeated both the degree of each of the crimes, and the potential penalty for each offense. Appellant thereupon was referred to the probation department for a presentence investigation.
 {¶ 13} When appellant's cases were called for sentencing, the trial court first listened to the statements of counsel, the victims, and appellant. It then gave a lengthy preamble to its ultimate decision.
 {¶ 14} The trial court recognized appellant's age and his drug problem of many years. It alluded to the fact that appellant had been on post-release control only about a month before the crime spree began. It commented that appellant possessed five "aliases" and social security numbers before noting appellant had a nearly 22-year criminal history of mostly theft-related convictions, which created "over seven pages" for perusal.
 {¶ 15} Proceeding to the circumstances of the instant cases, the trial court found it significant that the elderly female victim had been kicked in the face repeatedly, many people had been victimized, and on more than one occasion the crimes had been committed in a victim's presence. The trial court further characterized the offenses as "crimes of violence" that had affected an entire neighborhood.
Ultimately, because the aggregate term in each case was ordered to be served consecutively to the others, appellant was sentenced to a total of 21 years of incarceration. In CR-425794, the trial court sentenced appellant to concurrent terms of six years for the burglary and felonious assault counts, eight months for the count of receiving stolen property, and eight years for the counts of aggravated burglary and aggravated robbery. In CR-425795, the trial court sentenced appellant to a term of six years for the count of burglary. In CR-425796, the trial court sentenced appellant to concurrent terms of eight months for the three counts of receiving stolen property and six years for the count of burglary. In CR-4425995, the trial court sentenced appellant to a term of one year.
 {¶ 16} This court subsequently granted appellant's request to file a delayed appeal of his convictions and sentences. He presents two assignments of error for review.
 {¶ 17} Appellant's first assignment of error states:
 {¶ 18} "I. Ernest Watson has been deprived of his liberty without due process of law, because he did not enter his guilty pleas with full knowledge of the nature of the offenses to which he was pleading guilty."
 {¶ 19} Appellant argues his pleas were invalid on the basis the trial court neglected to follow all of the requirements of Crim.R. 11(C)(2)(a). Specifically, appellant claims he did not understand the nature of the charges against him. This court disagrees.
 {¶ 20} The standard for the trial court's responsibility to inform the defendant of this portion of Crim.R. 11(C) is "substantial compliance." State v. Nero (1990), 56 Ohio St.3d 106; State v. Stewart
(1977), 51 Ohio St.2d 56. The trial court need not advise the defendant of the elements of the crimes; rather, it is sufficient if the totality of the circumstances warrant the trial court in making a determination the defendant understands the charges. State v. Calvillo (1991),76 Ohio App.3d 714, 719.
 {¶ 21} In this case, the prosecutor assured the trial court the cases thoroughly had been "pretried," i.e., they had been examined and the evidence had been discussed by the attorneys. Defense counsel acquiesced in this assessment. The prosecutor's representation was supported by the record.
 {¶ 22} Moreover, several times during the plea hearing, appellant heard the specific Ohio Code Sections he had violated in each case, the degree of each offense, and the consequences of each violation. Appellant never interrupted the proceedings to ask a question, despite having been encouraged to do so. Indeed, appellant affirmed that he understood the offenses. State v. Trapp (July 10, 1997), Cuyahoga App. No. 71469.
 {¶ 23} Additionally, appellant, a middle-aged man with an extensive criminal record, secured the dismissal of approximately half of the charges against him by entering his guilty pleas. He therefore cannot demonstrate any "prejudicial effect." State v. Nero, supra.
 {¶ 24} The circumstances of this case thus demonstrate that appellant was fully cognizant of the nature of the charges and that his pleas were knowingly, intelligently, and voluntarily made. State v.Coleman (Feb. 15, 2001), Cuyahoga App. No. 77855.
 {¶ 25} Accordingly, appellant's first assignment of error is overruled.
 {¶ 26} Appellant's second assignment of error states:
 {¶ 27} "II. Ernest Watson has been deprived of his liberty without due process of law by the consecutive sentences imposed upon him as said sentences do not comport with Ohio's new sentencing structure."
 {¶ 28} Appellant argues the trial court's comments were inadequate to support the total term imposed. Appellant asserts that the trial court failed to engage in the proper analysis before ordering the sentences in each case to be served consecutively. Appellant's argument is unpersuasive.
 {¶ 29} Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(C), the trial court may impose consecutive sentences as long as it makes the statutorily enumerated findings and, further, gives its reasons for its decision at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, paragraph one of the syllabus. The trial court in this case complied with its mandate.
 {¶ 30} The trial court found that consecutive sentences were: 1) necessary both to protect the public and to punish appellant; and, 2) not disproportionate to the seriousness of appellant's conduct and to the danger appellant posed to the public. The trial court further found appellant had committed the crimes while on post-release control. The trial court explained its reasons for choosing consecutive terms by referring to appellant's lengthy criminal career, the harm caused to the victims, especially to the elderly female, the number of victims, and the terrorization of an entire neighborhood for a period of time.
 {¶ 31} The statutory scheme does not require an analysis on the record of whether defendants who have committed similar crimes have received similar sentences. Moreover, appellant failed to supply the trial court prior to sentencing with any information about other offenders' sentences in situations such as those presented in the instant cases.
 {¶ 32} Since the trial court fully complied with its duties in pronouncing sentence, this court lacks any basis upon which to disturb its decision. State v. Wiley, Cuyahoga App. No. 80765, 2002-Ohio-4036.
 {¶ 33} Accordingly, appellant's second assignment of error also is overruled.
 {¶ 34} Appellant's convictions and sentences are affirmed.
Timothy E. McMonagle, J. and Diane Karpinski, J. Concur
*Sitting by assignment, Judge John T. Patton, retired, of the Eighth District Court of Appeals.